■ In the Matter of the Claim of ANNA GRENNELL, Respondent, v. DRIVE-WAY PAVING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board making a schedule award posthumously to the widow for a 10% loss of the right hand. The deceased employee was operating a grading machine on November 23, 1955 when he caught his right thumb in the steering wheel bending the thumb backwards and wrenching his wrist. A report dated November 26, 1955 from Dr. Brooks who took X rays stated that they showed a fracture of the styloid process of the radius. A Dr. Fairchild reported on November 30, 1955 that the decedent had a fracture of the styloid process of the radius which entered the wrist joint and that he would expect complete recovery in two to four months and that there should be no permanent partial disability and no schedule loss. Dr. Reidel the decedent's attending physician reported on November 29, 1955 that there would probably not be a permanent defect and on January 30, 1956 that the patient had "complete free range of motion of wrist with some area of tenderness over the posterior aspect of the ulnar styloid" and that there was no permanent defect. The decedent returned to work on November 28, 1955 and on December 27, 1955 he filed a claim for compensation. The first hearing was held on November 20, 1956 but the decedent was not present having died from unrelated causes the previous day. A finding of accident and causal relationship was made and the case was closed without an award on the finding of no lost time in excess of seven days and no permanent defect. Thereafter the case was reopened by the board and medical proof taken on whether there was a schedule loss. Dr. Harris a medical examiner for the board reviewed the record and reported the decedent "would probably have [had] an ultimate loss due to 10% of the rt. hand." He testified that he thought the claimant would have had a 10% functional loss of the right hand and he based this on his opinion that it was very unusual after such a fracture not to have some functional loss, on the tenderness reported by other doctors in the wrist after the fracture and on his review of the X rays and reports of other doctors. Dr. Murphy reviewed the case apparently for the carrier and reported that the decedent should have recovered without a schedule loss. Dr. Lochner, another board doctor, reviewed the case and concluded there probably would have been an ultimate 10% loss of use of the right hand. The appellants declined the opportunity to cross examine Dr. Lochner on his report. The Referee made a schedule award for permanent partial disability for a 10% loss of the right hand and the board affirmed. The appellants contend that there is no evidence of actual disability relying principally on the fact that the report of the board doctors on which the award was based indicate only a probable disability. The board's decision stated that most of the medical reports relied on by the carrier were submitted shortly before (obviously shortly after)

the accident and are not definite and contain only a prognosis. The attending physician's last report did state " no " permanent defect but it did show some tenderness in the wrist. Regardless of this it would seem the board could properly base its award on the reports of its doctors. Although these reports said " probable " that is in fact all they could say for the employee was dead. They had not examined him during his life and were expressing their opinions based on the facts given them as to what the result of the accident would have been. As this court said in *Matter of Zaepfel* v. *duPont de Nemours & Co.* (284 App. Div. 693, 695, affd. 309 N. Y. 962) : " Appellant urges that the use of the word ' could ' and similar words in some instances, afflict the opinion with a lack of positiveness which destroys the probative value. The form and language used are not controlling. The law does not require such positiveness especially in workmen's compensation cases. (*Matter of Green* v. *Geiger,* 253 App. Div. 469, 255 App. Div. 903, affd. 280 N. Y. 610.) " While the report of the decedent's physician who actually examined the claimant would of course be entitled to greater weight, it was made only two months after the accident, it did reveal a tenderness still present and in our view under the unusual circumstances of this case the board could properly accept the opinions expressed by its own doctors. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., dissents, in the following memorandum: This record contains positive testimony by claimant's attending physician and radiologist that there was no permanent defect resulting from the fractured wrist. Subsequently and following the death of the claimant, a medical examiner for the board testified he *thought* that the claimant would have a 10% functional loss of the right hand and a second board physician who examined the records testified there would *probably* be a 10% loss. Neither of these doctors examined the claimant during his lifetime and arrived at their conclusions based upon reports of the attending physician and an examination of the X rays. It appears that their opinions were based primarily upon the statement in one of the reports that there was some tenderness in the wrist but the same doctor who made that statement in the same report said there was no permanency. Under such circumstances the opinions of the board doctors cannot be considered substantial evidence but is speculative and based on surmise. The record as a whole does not support the award. (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5, 8; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65, 71; *Matter of Miller* v. *National Cabinet Co.,* 8 N Y 2d 277.)